**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-6006**

_____

KEVIN HERRIOTT,

Plaintiff - Appellant,

v.

SGT. BOSTICK; SGT. ROBERTSON; SGT. ROBINSON; SGT. MYERS; OFFICER BRANNON; OFFICER HILTON; SGT. WRIGHT,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  David C. Norton, District Judge.  (6:20-cv-02833-DCN)

_____

Submitted:  December 29, 2021                          Decided:  January 27, 2022

_____

Before MOTZ, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Kevin Herriott, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Herriott appeals the district court's order accepting the recommendation of the magistrate judge and dismissing Herriott's 42 U.S.C. § 1983 action. In its order, the district court stated that Herriott failed to object to the magistrate judge's report and recommendation. Soon thereafter, Herriott submitted belated objections and, in a separate filing, advised the district court that he had not received the report and recommendation until a week after the deadline to file objections. The district court did not address this claim, which Herriott now repeats on appeal.

A party who fails to timely object to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations by the district court and generally forfeits appellate review of those determinations on appeal. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see* 28 U.S.C. § 636(b)(1). However, the waiver of appellate rights for failure to object is a prudential rule, not a jurisdictional requirement. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). And, when a litigant proceeds pro se, he must be accorded fair notice of the consequences of failing to object before he is barred from appellate review. *Wright*, 766 F.2d at 846-47.

The record does not establish whether Herriott received the report and recommendation in time to file timely objections. However, our jurisdiction does not depend on a litigant's compliance with the objections requirement. Here, we exercise our discretion to disregard any possible appellate waiver in order to reach the merits of Herriott's appeal. Upon reviewing the record, including Herriott's objections, we agree

2

with the district court's determination that Herriott's conclusory allegations failed to state a claim.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*